| UNITED STATES DISTRICT COURT | C/M |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

```
------------------------------------------------------- X
DUANE CHAPMAN                        :
                  Plaintiff,         :
                                     :
         -against-                   :    MEMORADUM DECISION AND
                                     :    ORDER
NASSAU COUNTY, DETECTIVE RYAN        :
FAIS, DETECTIVE INGRAM, and          :    19-cv-4592 (BMC) (AKT)
MADELINE SINGAS,                     :
                                     :
                  Defendants.        :
------------------------------------------------------- X
```

**COGAN**, District Judge.

      Plaintiff *pro se* brought this action under 42 U.S.C. § 1983 and alleged that he was falsely arrested for possession of a controlled substance during a routine traffic stop. He seeks $3 million in damages against two detectives involved in his arrest, Det. Ryan Fais and Det. FNU Ingram, as well as as the Nassau County District Attorney, Madeline Singas, and Nassau County itself. By Order dated August 14, 2019, I *sua sponte* raised probable cause as a complete defense to plaintiff's false arrest claim based on the face of the complaint and dismissed his action. Plaintiff appealed, and the Second Circuit vacated the judgment and remanded the action for further proceedings. Plaintiff's claims may proceed against the two detectives, and his claims against Nassau County and the Nassau County District Attorney are dismissed with leave to amend.

## BACKGROUND

      On May 17, 2018, plaintiff alleges that he was stopped for a "falsified" traffic infraction by Fais and issued a traffic ticket for having an obstructed view. The complaint further alleges that following the traffic stop, Fais and Ingram conducted a search of plaintiff's vehicle and found twenty-seven bags of heroin and 3.5 grams "of what appeared to be crack cocaine."

Plaintiff alleges that the controlled substance analysis reports from the Nassau County's Division of Forensic Services, dated May 24, 2018 and August 30, 2018, are contradictory. One report notes that twenty-seven glassine envelopes were vouchered, and another report notes that one glassine envelope was vouchered. It is unclear whether plaintiff was subject to a criminal prosecution based on the events and, if so, the outcome.

## DISCUSSION

**I.  Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). To state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

### A. Plaintiff's Claims against District Attorney Singas

Plaintiff's complaint is devoid of any allegations against the Nassau County District Attorney, Madeline Singas. It is insufficient for that and other reasons.

First, plaintiff seeks to impose liability on Singas solely because of the position that she holds. To state a plausible claim for relief under § 1983, a plaintiff must allege the personal

involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Where a § 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010). There are no allegations against the Nassau County District Attorney showing her personal involvement in plaintiff's criminal case.

Second, even if plaintiff had alleged that Singas had some personal involvement in violating plaintiff's constitutional rights, he would also have to allege that her conduct was outside the normal role of a prosecutor. A state prosecutor who acted within the scope of her duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983. Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005); Morisset v. County of Nassau, No. 16-cv-3908, 2017 WL 5312135, at *3 (E.D.N.Y. Nov. 13, 2017) (Nassau County District Attorney is entitled to absolute immunity for acts allegedly committed within the scope of her official duties); Sanseviro v. New York, 158 F. Supp. 3d 131, 139 (E.D.N.Y. 2016), aff'd, 685 F. App'x. 75 (2d Cir. 2017) (County Assistant District Attorney is absolutely immune for acts allegedly committed within the scope of his official duties).

Third, Singas is immune from any damage award for acting in her official capacity. This is because "a suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment." Sharp v. Morgenthau, No. 08-cv-5919, 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 535-36 (2d Cir. 1993) (reaffirming that the Eleventh Amendment bars official-capacity suits based "on decisions whether or not, and on what charges, to prosecute" because "[w]hen prosecuting a criminal matter, a district attorney in New York state, acting in a quasi-judicial capacity, represents the State not the county.").

Accordingly, plaintiff's claim against Singas is dismissed. He is granted 20 days to file an amended complaint that resolves the problems set forth above if he is able to do so.

### 2. Plaintiff's Claims against Nassau County

To state a § 1983 claim against a municipal corporation such as Nassau County, plaintiff must plead that: (1) there was an official municipal policy or custom; and (2) the policy or custom caused him to be subjected to a denial of a constitutional right. See Monell v. Dep't Soc. Servs., 436 U.S. 658, 690-91 (1978). A claim of municipal liability requires that plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a municipal policy or custom]." Missel v. County of Monroe, 351 F. App'x. 543, 545 (2d Cir. 2009). An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a municipality's policy makers. Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003) (quoting Monell, 436 U.S. at 690). A municipality may not be held liable under § 1983 based solely on a *respondeat superior* theory. Brown v. City of New York, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016).

Other than naming Nassau County in the caption of his complaint, plaintiff makes no factual allegations against the County. This is fatal to his claim against the County. See Treadwell v. Cty. of Putnam, No. 14-cv-10137, 2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (holding that plaintiff "failed to sufficiently state a Monell claim" where the complaint lacked "any specific allegations that could lead to the inference that an official [municipal] policy, practice, or custom caused [the] [p]laintiff's alleged constitutional injuries"); Martin v. County of Nassau, 692 F. Supp. 2d 282, 296 (E.D.N.Y. 2010) (dismissing plaintiff's § 1983 claims against Nassau County because plaintiff's allegations of a municipal custom or policy were entirely conclusory). Accordingly, plaintiff's § 1983 claims for municipal liability against Nassau County are dismissed. However, plaintiff may also include in the amended complaint a

claim against Nassau County if he is able to allege facts showing the existence of an official policy or practice that is unconstitutional and that led to his arrest.

### 3. Plaintiff's Claims Against Detectives Ryan Fais and Ingram

To the extent that plaintiff brings claims against Detectives Fais and Ingram for false arrest stemming from an allegedly illegal traffic stop and subsequent search of his vehicle, plaintiff has adequately stated a claim.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint within 20 days from the date of this Order that complies with Rule 8 of the Federal Rules of Civil Procedure, which requires plaintiff to provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. In the amended complaint, plaintiff must provide facts sufficient to allow Nassau County and District Attorney Singas to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery as described above. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). The case is stayed for 20 days or for such shorter time as plaintiff advises that he wishes to proceed only against Dets. Fais and Ingram.

If plaintiff does not file an amended complaint within 20 days, the case will proceed against Dets. Fais and Ingram. If he does file an amended complaint, it should re-assert the claims from the original complaint against Fais and Ingram, as the amended complaint will completely supersede and replace the original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                 U.S.D.J.

Dated: Brooklyn, New York
       March 9, 2020