UNITED STATES DISTRICT COURT     C/M
EASTERN DISTRICT OF NEW YORK
\----------------------------------------------------------- X
DUANE CHAPMAN,

            Plaintiff,

       -against-                                 **MEMORANDUM**
                                                            **DECISION AND ORDER**

NASSAU COUNTY; DETECTIVE RYAN            19-cv-4592 (BMC) (AKT)
FAIS; DETECTIVE CHRISTOPHER
INGRAM; and MADELINE SINGAS,
DISTRICT ATTORNEY,

            Defendants,
\----------------------------------------------------------- X

**COGAN**, District Judge.

       Plaintiff *pro se* brought this action under 42 U.S.C. § 1983 and alleged that he was falsely arrested after a routine traffic stop. He seeks damages against two detectives involved in his arrest, Ryan Fais and Christopher Ingram, as well as the Nassau County District Attorney, Madeline Singas, and Nassau County itself. By prior memorandum decision and order, I dismissed plaintiff's claims against Nassau County and the Nassau County District Attorney with leave to amend. Plaintiff then filed an amended complaint. His claims against Nassau County and the Nassau County District Attorney are dismissed for failure to state a claim, but his claims against Fais and Ingram may proceed.

## DISCUSSION

       The Court assumes familiarity with the case's factual background, as set forth in detail in the prior memorandum decision and order. Under § 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. See Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014). To establish a viable claim, a plaintiff must show "the violation of a

right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

I. **Plaintiff's Claims against Madeline Singas**

In the amended complaint, plaintiff asserts that Singas, in her role as the Nassau County District Attorney, has "direct oversight of the police" and has the ability to "define what an appropriate arrest is and how police should behave." He also claims that the true bill handed down by the grand jury in his case was signed by Singas, not by the foreman, and that this constituted "fraud."

Even when accepting plaintiff's factual allegations as true, it is clear that Singas's personal involvement in plaintiff's case was within the normal role of a prosecutor. He does not allege, for example, that she treated his case any differently than she would any other prosecution. In any event, a state prosecutor who acted within the scope of her duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983. Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005); Morisset v. Cty. of Nassau, No. 16-cv-3908, 2017 WL 5312135, at *3 (E.D.N.Y. Nov. 13, 2017) (Nassau County District Attorney is entitled to absolute immunity for acts allegedly committed within the scope of her official duties); Sanseviro v. New York, 158 F. Supp. 3d 131, 139 (E.D.N.Y. 2016), aff'd, 685 F. App'x 75 (2d Cir. 2017) (County Assistant District Attorney is absolutely immune for acts allegedly committed within the scope of his official duties).

As to plaintiff's "fraud" allegation, under New York law, the indictment "must" contain the signature of the district attorney. See Baez v. Hennessy, 853 F.2d 73, 75 (2d Cir. 1988). By

signing the indictment, Singas was performing a function normally performed by a district attorney.  See id. (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

Furthermore, Singas is immune from any damage award for acting in her official capacity because "a suit for money damages against a district attorney or his or her assistant district attorneys, in their official capacities, is actually a suit against New York State, and is barred by the Eleventh Amendment."  Sharp v. Morgenthau, No. 08-cv-5919, 2010 WL 339767, at *4 (S.D.N.Y. Jan. 25, 2010); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 535–36 (2d Cir. 1993) (reaffirming that the Eleventh Amendment bars official-capacity suits based "on decisions whether or not, and on what charges, to prosecute").

Accordingly, plaintiff's claims against Singas are dismissed.

## II. Plaintiff's Claims against Nassau County

To state a § 1983 claim against a local government unit such as Nassau County, plaintiff must plead that: (1) there was an official municipal policy or custom; and (2) the policy or custom caused him to be subjected to a denial of a constitutional right.  See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 & n. 54, 691 (1978).  A claim of local governmental liability requires that plaintiff "make factual allegations that support a plausible inference that the constitutional violations took place pursuant to [a county policy or custom]." Missel v. Cty. of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009).  An "official policy" may be implemented through a "policy statement, ordinance, regulation, or decision" that is officially promulgated by a county's policy makers.  See  Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003) (quoting Monell, 436 U.S. at 690).

Here, plaintiff seeks to hold Nassau County liable on the theory of respondeat superior. But the Supreme Court has made clear that a local governmental unit cannot be liable under §

1983 for the acts of its employees "by application of the doctrine of respondeat superior." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986); Brown v. City of New York, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016).

Plaintiff also fails to allege any facts demonstrating that an official county policy, practice, or custom caused any of plaintiff's alleged constitutional injuries. See Martin v. Cty. of Nassau, 692 F. Supp. 2d 282, 296 (E.D.N.Y. 2010) (dismissing plaintiff's Section 1983 claims against Nassau County because plaintiff's allegations of a county custom or policy were entirely conclusory).

Accordingly, plaintiff's § 1983 claims contained in the amended complaint for county liability against Nassau County are dismissed.

### III.     Plaintiff's Claims Against Detective Ryan Fais and Detective Christopher Ingram

Plaintiff's remaining claims against Detectives Fais and Ingram arising from the alleged false arrest, illegal traffic stop and subsequent search of his vehicle may proceed.

### CONCLUSION

Plaintiff's claims asserted in the amended complaint against Madeline Singas and the County of Nassau are dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  No summons shall issue as to these defendants and the Clerk of Court is directed to terminate these defendants from the action.

The United States Marshals Service is hereby directed to serve the summons and the amended complaint upon defendants Detective Ryan Fais and Detective Christopher Ingram without prepayment of fees and shall mail a copy of this memorandum decision and order and the amended complaint to the Nassau County Attorney.

The action is referred to A. Kathleen Tomlinson, United States Magistrate Judge, for all non-dispositive pretrial proceedings.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                                                     U.S.D.J.

Dated: Brooklyn, New York
       August 27, 2020