| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |

```
----------------------------------------------------------- X
                                                           :
    DUANE CHAPMAN,                                         :
                                                           :   MEMORANDUM DECISION
                                         Plaintiff,        :   AND ORDER
                                                           :
                 - against -                               :   2:19-cv-4592 (BMC) (AKT)
                                                           :
    RYAN FAIS and CHRISTOPHER                              :
    INGRAM,                                                :
                                                           :
                                         Defendants.       :
                                                           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This *pro se* § 1983 case is before me on defendants' motion for judgment on the pleadings. The Second Circuit remanded the case after I dismissed it *sua sponte*, see 28 U.S.C. § 1915A, with instructions to permit plaintiff to file an amended complaint and to consider certain issues relating to Heck v. Humphrey, 512 U.S. 477 (1994), that I had not addressed in the *sua sponte* dismissal. Plaintiff has filed an amended complaint, and defendants' motion raises Heck as one ground why the case should be dismissed.[1]

As refined in his amended complaint, plaintiff seeks damages pursuant to 42 U.S.C. § 1983 based on his allegedly illegal arrest and prosecution. Assuming the facts in the amended complaint and in his affidavit in opposition to the motion to be true, the two police officer defendants stopped plaintiff while he was driving his car, claiming pretextually that he was driving without his headlights on at dusk and that he was driving with an obstructed view. The officers then planted drugs in the car and arrested him.

---

[1] There have been earlier proceedings in the case resulting in the dismissal of some defendants. Those proceedings are not material to this decision.

Plaintiff was indicted on seven counts: (1) possession with intent to sell heroin; (2) possession with intent to sell cocaine; (3) possession of more than 500 milligrams or more of cocaine; (4) possession of heroin; (5) possession of cocaine; (6) possession of marijuana; and (7) driving a vehicle with an obstructed view. Plaintiff pled guilty to a lesser included offense of the first count, to wit, attempted criminal possession of a controlled substance in the third degree, in violation of New York Penal Law §§ 110.00 and 220.16(1). According to plaintiff, he did not plead guilty because he was guilty, but because his lawyer inadequately represented him and coerced him into taking the plea by pointing out how long he would have to wait for a trial if he did not plead guilty. He was sentenced to one year of imprisonment.

The flaw in plaintiff's claims is apparent from a sentence in the penultimate page of his affidavit in opposition to the motion. Plaintiff asserts that he pled guilty because, "[i]n my mind, I figured recourse would actualize in the proper venue, and it is this reality that has brought Duane E. Chapman [plaintiff] to district court today." That is not the way it works. Under Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), a plaintiff may not maintain an action for damages under § 1983 if prevailing in that action would necessarily imply the invalidity of his conviction.

If plaintiff was set up as he claims – stopped for no reason and then drugs planted in his car – he could not be guilty of the crime to which he pled. If a jury in this case were to accept plaintiff's version of the facts, it would mean that he was not guilty. But the state court, based on his guilty plea, has held that he is guilty. Heck does not permit that contradiction to arise. See 512 U.S. at 486–87; see also D.S. v. City of New York, 736 F. App'x 284, 287 (2d Cir. 2018) (summary order).

The first issue under Heck that the Circuit directed me to consider was that plaintiff was sentenced to only one year upon his guilty plea and was not in custody at the time that he

2

commenced this action.² Since he was not in custody, he could not have sought federal habeas corpus relief to invalidate his conviction. The Second Circuit has not squarely determined whether Heck applies once a plaintiff is no longer in custody, and the issue remains controversial. See Teichmann v. New York, 769 F.3d 821, 827–28 & n.1 (2d Cir. 2014) (Livingston, J., concurring in part and concurring in the judgment in part) (arguing that the Circuit has "recognized an exception to Heck's favorable termination requirement" only "when habeas was *never* reasonably available"); Teichmann, 769 F.3d at 829–30 (Calabresi, J., concurring) (arguing that the Circuit has, in fact, decided that "Heck does not bar § 1983 claims when habeas is unavailable"); see also Poventud v. City of New York, 750 F.3d 121, 125 & n.1 (2d Cir. 2014) (en banc) (vacating a panel decision that addressed the issue and resolving the case on other grounds).

I need not choose sides in this conflict for purposes of this case. Even those opinions declining to apply Heck where the plaintiff is no longer in custody have strongly suggested an exception. Specifically, those decisions suggest that the bar in Heck does apply, even against a plaintiff no longer in custody, where that plaintiff once had habeas relief available but instead "waited more than a year, until he was no longer in custody within the meaning of 28 U.S.C. § 2254, and filed a federal lawsuit seeking a declaration that his prior conviction was unconstitutional." Teichmann, 769 F.3d at 828 (Livingston, J., concurring in part and concurring in the judgment in part); accord id. at 830 (Calabresi, J., concurring) ("I know of no circuit cases that allow § 1983 claims to proceed" when a plaintiff "has intentionally defaulted his habeas claims").

---

² It is mystifying that although the Nassau County Attorney's Office, representing defendants, cites and briefly discusses the Second Circuit's Mandate and Heck, its briefs address neither of the Heck issues upon which the remand was based.

3

There are cases from other Courts of Appeals that have adopted a similar view. See Guerrero v. Gates, 442 F.3d 697, 704–05 (9th Cir. 2006) (Heck barred § 1983 claims for wrongful arrest, malicious prosecution, and conspiracy to bring false charges, even though the plaintiff was no longer in custody, because the plaintiff never challenged his conviction); Burd v. Sessler, 702 F.3d 429, 436 (7th Cir. 2012) (Heck applies when "the plaintiff could have pursued collateral relief but failed to do so in a timely manner"), abrogated on other grounds, Savory v. Cannon, 947 F.3d 409, 425 (7th Cir. 2020) (en banc); Powers v. Hamilton Cnty. Pub. Def. Comm'n, 501 F.3d 592, 601 (6th Cir. 2007) (the "better reading" of Heck and subsequent cases is that Heck applies "if the plaintiff could have sought and obtained habeas review while still in prison but failed to do so"); cf. Griffin v. Baltimore Police Dep't, 804 F.3d 692, 697 (4th Cir. 2015) ("[a] would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction only if he lacked access to federal habeas corpus while in custody").

There is good reason to apply Heck in this situation, and I will follow these decisions. Plaintiff did not seek relief from his conviction by way of a state appeal, a state collateral proceeding, or federal habeas corpus. Quite the contrary. In explaining that he "figured recourse would actualize in the proper venue," his affidavit shows that he chose to accept the conviction and its custodial and other consequences for the purpose of trying to recover monetary damages in a § 1983 action. It would be a dangerous precedent to allow an exception to Heck where a plaintiff has forgone the possibility of overturning his conviction in favor of a chance to extract a money settlement. That is especially true here where, as plaintiff admits, he pled guilty with the intent of seeking damages for having pled guilty.

The route to having a state court conviction vacated, whether through state proceedings or federal habeas corpus review, contains a number of hurdles deliberately placed there by state legislatures and Congress to protect the integrity of the criminal process, the finality of criminal convictions, and the allocation of responsibility between the state and federal courts. New York Criminal Procedure Law § 440.10(2) and (3), for example, channels collateral review to ensure an orderly and finite number of proceedings that a state prisoner may bring to challenge his conviction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires exhaustion of state remedies as a precondition to federal habeas corpus relief, see 28 U.S.C. § 2254(b)(1), and it further provides that when a state court has rejected a federal constitutional claim on the merits, habeas corpus relief is available only when the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," not the lower federal courts, § 2254(d)(1); see also Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam). This deferential standard allows federal habeas corpus relief only in a very narrow set of circumstances. See, e.g., Harrington v. Richter, 562 U.S. 86, 100–02 (2011). In addition, findings of fact by a state court are presumptively correct on habeas corpus review and can only be set aside if the habeas petitioner shows clear and convincing evidence of error. See 28 U.S.C. § 2254(e)(1). Another requirement in AEDPA is that a petitioner cannot appeal the denial of his petition unless the district court or the Court of Appeals grants a certificate of appealability. See § 2253(c)(1); Fed. R. App. P. 22(b)(1). These protections exist to preserve the integrity of state court convictions and promote comity between state and federal courts by allowing federal proceedings to call into question state court convictions only in limited circumstances.

Section 1983 has none of these protections. As used in this kind of litigation, it is an action for money damages, not to vacate a conviction. It is thus one thing to hold that § 1983 should be available despite an outstanding conviction where a plaintiff, through no fault of his own, no longer has either state or federal remedies available to challenge that conviction. It would be quite another thing to hold that a deliberate attempt to choose § 1983 over the established procedures to obtain a formal vacatur of a conviction relieves the plaintiff from any obligation to seek to invalidate the conviction before he brings his damages action.[3] Since the latter scenario is the one present in this case, I conclude that Heck is applicable to plaintiff's claims.

The second question that the Circuit directed me to consider is whether, if Heck applies, any of the specific claims that plaintiff has brought survive Heck because plaintiff's success on those claims would not necessarily invalidate his conviction. He has separated out four federal claims against the remaining defendants, all under § 1983: "Conspiracy to Deprive Constitutional Rights," "Equal Protection," "Due Process," and "False Imprisonment." The indulgence attached to his *pro se* status, however, makes the labels irrelevant. The events in the complaint distill into five possible federal claims under § 1983: (1) illegal stop and seizure under the Fourth Amendment (pretextual stop); (2) illegal search of his vehicle under the Fourth Amendment (pretextual search); (3) illegal arrest under the Fourth Amendment; (4) malicious prosecution under the Fifth and Fourteenth Amendments (fabricating evidence for purposes of prosecution); and (5) denial of a fair trial under the Fifth, Sixth, and Fourteenth Amendments (same).

---

[3] One might think that the undesirability of having an outstanding state court conviction that is subject to being vacated is itself enough of an incentive to force defendants to seek that relief. It may be in most cases, but it is not unheard of, at least in this district, to see cases where a putative plaintiff has deliberately provoked an arrest for a crime that is not likely to be prosecuted in the hopes of picking up a minimal § 1983 settlement.

For the reasons to which I alluded at the beginning of this decision, my view is that all of these claims are barred by Heck. As to the illegal search, "[c]ourts in this Circuit have consistently held that a § 1983 claim is Heck-barred if it challenges the sole search that provided the entirety of the evidence supporting a criminal charge." Hartwick v. Annucci, No. 5:20-cv-408, 2020 WL 6781562, at *6 (N.D.N.Y. Nov. 18, 2020). The traffic stop falls within that rule. See Bowers v. Kelly, No. 13-cv-6265, 2015 WL 2061582, at *5 (S.D.N.Y. May 4, 2015). Additionally, Heck bars claims for false arrest and false imprisonment. See Corley v. Vance, 365 F. Supp. 3d 407, 440 (S.D.N.Y. 2019), aff'd sub nom. Corley v. Wittner, 811 F. App'x 62 (2d Cir. 2020). Finally, plaintiff's claims of evidence-planting cannot survive Heck because he could not be guilty if the police planted the evidence. See Azor v. City of New York, No. 08-cv-4473, 2012 WL 1117256, at *3 (E.D.N.Y. March 30, 2012); Lindsey v. Lutz, No. 10-cv-3931, 2011 WL 2791329, at *3 (S.D.N.Y. June 16, 2011), report and recommendation adopted, 2011 WL 3628846 (S.D.N.Y. Aug. 17, 2011).

That leaves only plaintiff's state law claims over which I have supplemental jurisdiction. See 28 U.S.C. § 1367. Although the usual procedure would be to dismiss those claims at this stage of the case without prejudice to recommencement in state court, see, e.g., Locantore v. Hunt, 775 F. Supp. 2d 680, 689 (S.D.N.Y. 2011), here, defendants have shown that plaintiff filed the required notice pursuant New York General Municipal Law § 50-e far beyond the 90-day time limit in the statute. In opposing defendants' motion, plaintiff has not addressed – let alone denied or sought to excuse – his late filing. In these circumstances, district courts have dismissed the state law claims under § 50-e rather than submitting the parties to more proceedings in state court as to which dismissal is certain, see, e.g., Johnson v. Tudisco, No. 17-

cv-8621, 2020 WL 363647, at *9 (S.D.N.Y. Jan. 21, 2020), and I will exercise my supplemental jurisdiction to do that here.

Defendants' motion for judgment on the pleadings [30] is granted, and the case is dismissed. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 21, 2021